**The below described is SIGNED.**

**Dated: January 19, 2007**

**WILLIAM T. THURMAN**
**U.S. Bankruptcy Judge**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re: | |
| **John and Randee Giles,** | Bankruptcy Number 06-23988 |
| Debtors. | Chapter 13 |

### MEMORANDUM DECISION GRANTING TRUSTEE'S MOTION TO DISMISS

The matter before the Court is the chapter 13 Trustee's Motion to Dismiss for failure to comply with 11 U.S.C. § 109(h).[1] The Debtors obtained credit counseling 182 days before filing this case. The Trustee moved to dismiss this case because § 109(h) requires debtors to obtain credit counseling not more than 180 days before filing. The Debtors and the Trustee argue that despite the Debtors' technical non-compliance with § 109(h), the Court should deny the Motion to Dismiss because they complied with the "spirit" of the Bankruptcy Code. Because this is an issue of first impression for the Court in light of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, the Court issues this Memorandum Decision, containing its findings of fact and conclusions of law.

---

[1] All statutory references herein are to the Bankruptcy Code, unless stated otherwise.

1

**I.     JURISDICTION AND VENUE**

For the limited purpose of this Memorandum Decision, the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A). Venue is appropriate under 28 U.S.C. § 1408(1).

**II.    BACKGROUND**

On April 18, 2006, the Debtors obtained credit counseling from GreenPath Debt Solutions, an agency approved by the U.S. Trustee to provide credit counseling in compliance with § 109(h). They filed for chapter 7 bankruptcy relief on April 27, 2006, and on August 2, 2006, the Court issued the Debtors a chapter 7 discharge.

On October 17, 2006, the Debtors commenced this case under chapter 13 of the Bankruptcy Code. On the same day, they filed the Certificate of Counseling they obtained from GreenPath on April 18, 2006. The Debtors acknowledge that they commenced this case 182 days after obtaining the credit counseling evidenced by the Certificate of Counseling. On December 14, 2006, the chapter 13 Trustee filed a Motion to Dismiss this case for failure to obtain the counseling within 180 days of filing. In the Motion to Dismiss, however, the Trustee urges the Court to disregard the Debtors' technical non-compliance with the credit counseling requirement, arguing that the Debtors complied with the "spirit" of the counseling provision. The Trustee brought the Motion to Dismiss under a belief that he is obligated to do so but would prefer that the Court deny the motion. The Debtors' Objection to the Motion to Dismiss echoes the Trustee's arguments.

**III.   ANALYSIS**

Section 109 of the Bankruptcy Code discusses the eligibility requirements debtors must

meet to benefit from the provisions of title 11.  Through the BAPCPA, Congress added § 109(h), which requires individual debtors to receive credit counseling within 180 days of filing for bankruptcy relief.  Section 109(h) also provides specific and detailed exceptions which allow a debtor to obtain bankruptcy relief without obtaining counseling within 180 days of filing.

Many courts have addressed the import of § 109(h) and its exceptions.  Whereas courts disagree over several facets of § 109(h),[2] they concede that courts have little or no authority to waive or overlook non-compliance.[3]  The Court simply lacks jurisdiction over a debtor's case where the debtor fails to comply with § 109(h).[4]  If a debtor fails to obtain credit counseling within 180 days of filing and does not qualify for an exception under § 109(h), the debtor may not proceed as a debtor in bankruptcy.[5]

The parties urge the Court to adopt the holding of In re Bricksin, wherein a court refused to dismiss a case where it found that the debtors had complied with the "spirit" of § 109(h) by participating in "ongoing" credit counseling.[6]  The debtors took credit counseling but decided not to file for bankruptcy relief immediately, instead attempting to treat their debts outside of

---

[2]See, e.g. In re Mills, 341 B.R. 106 (Bankr. D. Colo. 2006) (acknowledging disagreement over whether non-compliance with § 109(h) requires courts to dismiss a case or strike the petition).

[3]See In re Montoya, 333 B.R. 875, 877 (Bankr. D. Utah 2005) ("[C]ompliance with § 109(h) is an eligibility bar that must be hurdled before an individual may obtain title 11 relief."); *Accord* In re Watson, 332 B.R. 740, 742 (Bankr. E.D. Va. 2005); In re Hedquist, 342 B.R. 295, 298 (8th Cir. BAP 2006); *but see* In re Hess, 347 B.R. 489 (Bankr. D. Vt. 2006).

[4]Montoya, 333 B.R. at 877.

[5]Hedquist, 342 B.R. at 298.

[6]346 B.R. 497 (Bankr. N.D. Cal. 2006).

3

bankruptcy using the tools learned through counseling.[7] When their payment plan failed, they filed for bankruptcy relief — more than 180 days after obtaining credit counseling.[8] On those facts, the Bricksin Court held that the debtors had complied with § 109(h) because their attempts to perform under a payment plan developed through credit counseling constituted "ongoing" credit counseling, thus comporting with the "spirit" of § 109(h).[9] The Court has carefully reviewed the analysis in Bricksin and respectfully disagrees. The language of § 109(h) makes clear that absolute compliance is required to be an individual debtor under the Bankruptcy Code.[10] Specific and detailed exceptions are spelled out under § 109(h) and courts may not create new ones.[11] The terms of § 109(h) do not provide for an exception to debtors who comply with its "spirit."

Likewise, the Court does not believe that a debtor complies with § 109(h) by participating in "ongoing" credit counseling. Section 109(h)(1) states that an individual may not be a debtor unless "such individual has, during the 180-day period preceding the date of filing of the petition by such individual, received [credit counseling]." This language makes clear that the debtor must have obtained counseling within 180 days of filing. The provision does not mention the

---

[7]Id. at 499-500.

[8]Id.

[9]Id. at 502.

[10]See In re Jones, 352 B.R. 813 (Bankr. S.D. Tex. 2006) (declining to follow Bricksin, holding that "Congress allowed bankruptcy judges no discretion").

[11]TRW Inc. V. Andrews, 534 U.S. 19, 29 (2001) ("Where Congress explicitly enumerates certain exceptions to a general prohibition, additional exceptions are not to be implied, in the absence of evidence of a contrary legislative intent." (Citations Omitted)).

possibility of "ongoing" counseling, and the Court finds no reason to add it. Moreover, Congress was particular in the content of the required counseling, restricting the agencies who can perform the counseling to those approved by the U.S. Trustee. It would undermine the particularity of this provision to allow a debtor's compliance with § 109(h) by taking actions other than those specifically prescribed.

Accordingly, the Court determines that a debtor may not comply with §109(h) unless he or she receives credit counseling within 180 days of filing, or qualifies for a specific exception under § 109(h). Ongoing credit counseling is not an option.[12] The case must be dismissed.[13]

The Debtors in this case obtained credit counseling 182 days before filing for bankruptcy relief. They did not comply with the technical requirements of § 109(h) so they are not eligible to be debtors under the Bankruptcy Code. Accordingly, the Trustee's Motion to Dismiss should be granted.

### IV. CONCLUSION

The chapter13 Trustee's Motion to Dismiss should be GRANTED. A separate order accompanies this Memorandum Decision.

---

[12]The Court is aware of authority that the Trustee may have discretion in bringing Motions to Dismiss for failure to comply with § 109(h). *See* Jones, 352 B.R. at 816. In light of the reasoning of this Memorandum Decision, the Court encourages the Trustee to continue bringing non-compliance with § 109(h) to the Court's attention.

[13]The Court notes that there is some disagreement across the country as to whether the proper remedy for non-compliance with § 109 is dismissal or striking a debtor's petition. *Compare* In re Rios, 336 B.R. 177 (Bankr. S.D.N.Y. 2005) *with* In re Tomco, 339 B.R. 145 (Bankr. W.D. Pa. 2006). Because the Trustee's Motion requested dismissal, and the Debtors did not object to the form of the requested remedy, the Court need not address this issue.

5

Service of the foregoing **MEMORANDUM DECISION GRANTING TRUSTEE'S MOTION TO DISMISS** will be effected through the Bankruptcy Noticing Center to each party listed below.

Curt Morris
Bonewell Morris & Greene
7 South Main Street, Suite 202
Tooele, UT 84074

John and Randee Giles
224 East Cimmarron Way
Erda, UT 84074

Kevin Anderson
405 South Main Street, Suite 600
Salt Lake City, UT 84111

U.S. Trustee
Ken Garff Building
405 South Main Street, Suite 300
Salt Lake City, UT 84111

ORDER SIGNED